Charles **CHERRY** and Chester
**Reddrick, Appellants,**

v.

**COUNTY OF NEW HANOVER et al.,**
**Appellees.**

**No. 73–1633.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 8, 1973.

Decided Dec. 19, 1973.

Frank Cherry, Greensboro, N. C., for
appellants.

David A. Nash, Charlotte, N. C. (William L. Hill, II, and Hogue, Hill &
Jones, Wilmington, N. C., on Brief) for
appellee New Hanover County Bd. of
Ed.

Lionel L. Yow, Wilmington, N. C. (Cicero P. Yow and Yow & Yow, Wilmington, N. C., on Brief) for appellee City of
Wilmington.

James C. Fox, Wilmington, N. C.
(Murchison, Fox & Newton, Wilmington, N. C., on Brief) for appellee New
Hanover County.

Before CLARK, Associate Justice,
Supreme Court, Retired,* and CRAVEN
and WIDENER, Circuit Judges.

PER CURIAM.

Plaintiffs brought this action in district court challenging the staggered-term voting system [1] used to elect members of the City Council, County Board
of Commissioners, and the Board of Education. In their complaint below appellants urged that such a system violated
their "constitutional right to elect members of their race to public office" under
the fourteenth and fifteenth amendments because it was one method by
which appellees "dilute the voting power
of the plaintiffs and other Negro citizens . . . ." To support this allegation plaintiffs stated that 25 percent of
the population of the city of Wilmington
and 20 percent of the population of New

---

* Sitting by Designation.

1. The staggered-term voting system adopted
by New Hanover County with respect to the
election of the Board of County Commissioners and by the city of Wilmington in the
election of its City Council is one of several
options made available to local governmental
units under the terms of N.C.G.S. § 153–16
and N.C.G.S. § 160A–101, respectively. The
staggered system for election of County
Boards of Education is obligatory under N.
C.G.S. § 115–19.

The system works as follows: the Board
of Commissioners and City Council each

have five seats; the Board of Education,
six. All offices are for a term of four
years. At one election three seats on each
body are filled; at the next election two
years later two seats on the City Council
and Board of Commissioners and three seats
on the Board of Education are filled. The
voting is at-large rather than according to
districts, i. e. there is a single multi-member
district composed of either the county
(Board of Commissioners and Board of Education) or the city (City Council).

Hanover County is black yet no black has ever been elected to office. The district judge found (1) that the staggered voting system does not violate the Constitution of the United States or the civil rights of plaintiffs and (2) that the complaint failed to state a claim upon which relief could be granted. We affirm.

■ Construing the allegations. of the pleadings in their most favorable light, no valid claim for relief is stated under the fourteenth or fifteenth amendments. Appellants do not have a constitutional *right to elect* members of their race to public office, see Whitcomb v. Chavis, 403 U.S. 124, 156–160, 91 S. Ct. 1858, 29 L.Ed.2d 363 (1971), and, absent other allegations infringing their *right to vote,* they have presented no cognizable claim. We find nothing in the complaint indicating interference with Negroes' rights to register to vote, to choose a political party, or otherwise to participate in local elections. Nor do plaintiffs challenge the system of at-large voting within the single multi-member district as designed "to minimize or cancel out the voting strength of racial or political elements of the voting population." Fortson v. Dorsey, 379 U. S. 433, 439, 85 S.Ct. 498, 501, 13 L.Ed.2d 401 (1965); Burns v. Richardson, 384 U.S. 73, 88, 86 S.Ct. 1286, 16 L.Ed.2d 376 (1966). *See* Zimmer v. McKeithan, 485 F.2d 1297 (5th Cir., 1973) (en banc), rev'g 467 F.2d 1381. Rather their complaint is aimed solely at the staggered-term voting system. There is no allegation that this system was adopted purposefully as a device to further historically engrained racial discrimination. See White v. Register, 412 U.S. 755, 766–770, 93 S.Ct. 2332, 37 L. Ed.2d 314 (1973). With the district judge, we are unable to perceive invidious discrimination in a staggered-term voting system.

Affirmed.